PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MURRY RONES, | ) | |
| | ) | CASE NO. 5:24CV1301 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JUDGE MARGARET ROWLANDS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

**I. Introduction**

On July 30, 2024, *Pro Se* Petitioner Murry Rones filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Petitioner contends in his Petition that his rights have been violated in connection with three separate state-court criminal cases brought against him in Summit County, Ohio – *State v. Rones*, No. CR-2023-07-2441 (Summit Cnty. Ct. Common Pleas filed July 21, 2023);[1] *State v. Rones*, No. CR-2023-09-3063 (Summit Cnty. Ct. Common Pleas filed Sept. 18, 2023);[2] and, *State v. Rones*, No. CR-2024-02-0461 (Summit Cnty.

---

[1] On August 20, 2024, the Court dismissed the Indictment in this case without prejudice on motion of an Assistant Summit County Prosecuting Attorney.

[2] On August 26, 2024, Petitioner entered a plea of guilty in this case to failure to provide notice of change of address, a felony of the fourth degree. He was sentenced to 12 months of community control subject to the supervision and control of the Adult Probation Department.

(5:24CV1301)

Ct. Common Pleas filed Feb. 9, 2024).³ *See* ECF No. 1 at PageID #: 1, ¶ 4(b). It is not clear from the Petition (ECF No. 1) specifically how he contends his rights have been violated in connection with each of these separate cases. In the Petition (ECF No. 1), he generally claims "Unlawful [Arrest]" (Ground One) and violations of his "Preliminary rights" (Ground Two) and "Fast and Speedy [trial] rights" (Ground Three). *See* ECF No. 1 at PageID #: 6, ¶ 13. For relief, Petitioner asks "the court to release [him] from all current case[s] pending before [the] Common Pleas Court." ECF No. 1 at PageID #: 7, ¶ 15.

## II. Standard of Review

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit or when the necessary facts can be determined from the petition itself without consideration of a return. *Id.*; *see also* 28 U.S.C. § 2243.

---

³ On August 26, 2024, Petitioner also entered a plea of guilty in this case to failure to provide notice of change of address, a felony of the third degree. He was sentenced to 12 months of community control subject to the supervision and control of the Adult Probation Department.

(5:24CV1301)

### III. Law and Analysis

Upon review, the Court finds that the Petition (ECF No. 1) must be dismissed for three reasons. First, Rule 2(e) of the Rules Governing Section 2254 Cases prohibits a petitioner from challenging judgments of multiple courts in a single habeas corpus petition, as Petitioner purports to do here. Rather, Rule 2(e) requires that "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." When a petitioner challenges multiple judgments in a single petition in violation of Rule 2(e), courts have held that the appropriate procedure is to dismiss the petition without prejudice. *See, e.g.*, *Jackson v. Sloane*, No. 1:13CV1326, 2014 WL 4472623, at *10-11 (N.D. Ohio Sept. 10, 2014) (adopting Report and Recommendation).

Second, Petitioner filed this action under § 2241, apparently contending he was being held unlawfully as a pretrial detainee. Although a state pretrial detainee may bring a federal habeas corpus action under § 2241 in certain limited circumstances, including when he contends he has been deprived of his speedy trial rights, when a petitioner alleges a violation of his speedy trial rights, the only habeas corpus relief he may seek is a speedy trial. He may not request that state criminal charges against him be dismissed altogether, as Petitioner purports to do here. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-91 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981); *Humphrey v. Plummer*, 840 F. Supp.2d 1040, 1043-44 (S. D. Ohio 2011). Moreover, comity concerns require that federal courts abstain from intruding into state criminal proceedings already underway by exercising jurisdiction over pre-conviction habeas

3

(5:24CV1301)

corpus petitions if the issues raised may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner. *Atkins*, 644 F.2d at 546.

Finally, before a federal court may grant habeas corpus relief, the petitioner must have exhausted all state court remedies available to him. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Collins v. Million*, 121 Fed.Appx. 628, 630-31 (6th Cir. 2005). In order to satisfy the exhaustion requirement, a petitioner must have presented his constitutional claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(c). In the federal system, state courts must have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Here, it evident on the face of the Petition (ECF No. 1) that Petitioner has not exhausted his claims in the Ohio courts. He does not indicate he has raised all of his claims in the trial court, the Ohio Court of Appeals, and in the Supreme Court of Ohio. He must do so before seeking federal habeas corpus relief.

## IV. Conclusion

For all of the foregoing reasons, the Petition (ECF No. 1) is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases and 28 U.S.C. § 2243. The dismissal is without prejudice to any valid Petition Petitioner may file in federal court as to the state court criminal cases against him after full exhaustion of state court remedies. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and

(5:24CV1301)

that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A).

      IT IS SO ORDERED.

|   October 11, 2024   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |